IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGEL RODRIGUEZ,<br><br>  Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>  Defendant. | NO. 2:11-cv-00590-RSM<br><br>PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM |

NOTE ON MOTION CALENDAR: September 16, 2011

NOW COMES Plaintiff, ANGEL RODRIGUEZ ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., hereby moves this Honorable Court to dismiss the Counterclaim filed by Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant") pursuant to Fed.R.Civ.P. 12(b)(6). In support thereof, Plaintiff states as follows:

**I.    INTRODUCTION**

On April 7, 2011, Plaintiff filed his Verified Complaint against Defendant alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. ("FDCPA"). (DE 1). Specifically, Plaintiff alleged that on or about December 5, 2010, Defendant began placing collection calls to Plaintiff from various telephone numbers asking to speak with Tracy, and that Defendant continued to place collection calls to Plaintiff even after being informed on at least ten separate occasions there is no one named Tracy at his telephone number and to stop calling. As a result of the alleged conduct, Plaintiff claims Defendant violated sections §§ 1692d and 1692d(5). (DE. 1).

On August 5, 2011, Defendant filed its Answer and Counterclaim. (DE 9). Defendant's

Plaintiff's Motion to Dismiss Defendant's
Counterclaim- 1

entire Counterclaim states "PRA is entitled to recover its attorney's fees and costs under 15 U.S.C. §1692k(a)(3), as plaintiff has brought this action in bad faith and for the purpose of harassment." (DE 9). Plaintiff now brings this Motion to Dismiss Defendant's Counterclaim pursuant to Fed. R. Civ. P. 12(b)(6).

**II.    STANDARD OF REVIEW**

In considering a motion to dismiss a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, the complaint must be considered in the light most favorable to the non-moving party, and all facts as alleged must be accepted as true. *Brooks v. Blue Cross & Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997) (*per curiam*). However, it should be kept in mind that in considering a motion to dismiss, a court "will not accept, without more, conclusory allegations or legal conclusions masquerading as factual conclusions." *Robinson v. Jewish Ctr. Towers*, 993 F. Supp. 1475, 1476 (M.D. Fla. 1998). A party's allegations must be pled in a manner that establishes a plausibility of entitlement to relief as opposed to a mere possibility. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (U.S. 2007). Dismissal is appropriate where a court cannot "identify each of the material elements necessary to sustain a recovery under some viable legal theory." *See Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F. 3d 678, 684 (11th Cir. 2001).

The Supreme Court of the United States set forth the framework for considering motions to dismiss. The Court held:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, ***because they are no more than conclusions, are not entitled to the assumption of truth.*** While legal conclusions can provide the framework of a [pleading], they must be supported by factual allegations. When there are well-pleaded factual allegations, a court

Plaintiff's Motion to Dismiss Defendant's
Counterclaim- 2

should assume their veracity and then determine *whether they plausibly give rise to an entitlement of relief*.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (emphasis added). Here, Defendant has filed a Counterclaim, alleging only that "plaintiff has brought this action in bad faith and for the purpose of harassment." (DE 9). Indeed Defendant has alleged absolutely zero conduct to support this claim. Rather, Defendant has done nothing but make a poor attempt to circumvent the procedures in place established by the Fair Debt Collection Practices Act and the Federal Rules of Civil Procedure. As discussed *infra*, Defendant has failed to state a claim upon which relief can be granted and therefore, its Counterclaim should be dismissed.

### III. DEFENDANT'S IMPROPER COUNTERCLAIM WOULD FAIL EVEN IF DEFENDANT HAD UTILIZED THE PROPER CHANNEL UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

Defendant's Counterclaim is substantively and procedurally flawed. The Fair Debt Collection Practices Act provides the proper channel for Defendant to allege that "plaintiff has brought this action in bad faith and for the purpose of harassment." *See* 15 U.S.C. § 1692(k)(a)(3); *see also* DE 9. However, Defendant's allegation in its Counterclaim is not a cause of action that can be brought as a counterclaim, as the Defendant erroneously did here. As discussed *infra*, Defendant's erroneous Counterclaim should be dismissed pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. Moreover, even if Defendant had utilized the proper channel to bring its allegation, Defendant's baseless allegation would still fail.

Although there is no evidence to suggest that Defendant is entitled to reasonable attorney fees and costs under § 1692(k)(a)(3) of the FDCPA, this statute states:

> On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the

work expended and costs.

15 U.S.C. § 1692(k)(a)(3).  In order "[t]o recover attorney's fees under the FDCPA, the ***prevailing*** defendant must show affirmatively that the plaintiff brought the FDCPA claim in bad faith and for the purpose of harassment."  *Perry v. Stewart Title Co.*, 756 F. 2d 1197, 1211 (5th Cir. 1985) (emphasis added).

The majority of courts throughout the nation, addressing the same issue before this Court, have consistently held that a counterclaim for harassment is improper under 15 U.S.C. § 1692k(a)(3). For example, in granting the plaintiff's motion to dismiss defendant's improper counterclaim for bad faith, the court in *Kropf v. TCA, Inc.* held, "the Fair Debt Collection Practices Act ***does not create an independent cause of action for attorney's fees***." *Kropf v. TCA, Inc.*, 2010 WL 4722282 at *1, --- F.Supp.2d. --- (E.D. Mich. Nov. 22, 2010) (emphasis added).  In addition to holding that the defendant cannot bring a counterclaim for harassment, the *Kropf* court further reasoned that the defendant's request for attorney's fees was also "premature." *Id*.

Furthermore, the *Kropf* court examined court decisions throughout the nation that consistently "dismissed the counterclaim [for bad faith and harassment] as premature or for lack of a statutory cause of action." *Id*. at *3; *See, e.g., Hardin v. Folger,* 704 F.Supp. 355, 356-57 (W.D.N.Y.1988) (dismissing the counterclaim because section 1692k(a)(3) "provides relief, ***but not a claim***, to defendants"); *Chlanda v. Wymard*, 1994 WL 583124 at *1 (S.D. Ohio Aug. 16, 1994) (finding that the defendant's counterclaim for bad faith and harassment ***"fails to state a claim upon which relief can be granted"***); *Crow v. Wolpoff & Abramson*, 2007 WL 1247393 at *5 (D. Minn. Apr. 19, 2007) (denying Defendant's request to treat the affirmative defense of bad faith as a counterclaim, and holding that 15 U.S.C. § 1692k(a)(3) creates a claim ***after a finding that***

Plaintiff's Motion to Dismiss Defendant's
Counterclaim- 4

***Plaintiff's case was brought in bad faith, which can only take place when the primary dispute is resolved***); *Kirscher v. Messerli & Kramer, P.A.,* 2006 WL 145162 at *7 (D. Minn. Jan. 18, 2006) (***dismissing the defendant's counterclaim*** but permitting it to request attorney's fees ***by a separate motion filed at a later stage in the proceedings***); *Young v. Reuben*, 2005 WL 1484671 at *1-2 (S.D. Ind. June 21, 2005) (same).

Here, Defendant makes one statement in its Counterclaim: "PRA is entitled to recover its attorney's fees and costs under 15 U.S.C. §1692k(a)(3), as plaintiff has brought this action in bad faith and for the purpose of harassment." (DE 9).   However, rather than pursue the remedy available under the FDCPA at the conclusion of this case, Defendant improperly filed its Counterclaim, seeking to take this issue outside the province of the Court at the conclusion of this action.  In the present case, Plaintiff filed a Complaint against Defendant alleging a violation of sections 1692d and 1692d(5) of the FDCPA. (DE 1). As properly alleged in Plaintiff's Verified Complaint, and as Defendant freely admits, Defendant places telephone calls from 412-282-1420, and that in trying to reach a person whose name is Tracy, it "may have" reached Plaintiff. (DE 9). Thus, Defendant has essentially admitted that there is merit in Plaintiff bringing this action.

Accordingly, it cannot be said that Plaintiff's pursuit of this case was done with the belief that the claims were factually unsupportable.  Nevertheless, it should not be left for the jury, should Plaintiff not prevail, to determine if this action was brought for an improper purpose as Defendant's Counterclaim would require.  Rather, any issue raised by Defendant's Counterclaim regarding Plaintiff's purpose for filing her Complaint should be addressed by this Court after the resolution of this case, pursuant to the plain language of section 1692k(a)(3) of the FDCPA.

### IV. THE SUPREME COURT OF THE UNITED STATES HAS STRESSED THE IMPORTANCE OF REGULATING ALL VIOLATIONS UNDER THE FDCPA

The Supreme Court of the Untied States recently recognized the importance of private enforcement of the FDCPA, even if the complaints are based on technical violations, as may be the case here.  *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, et al.* 130 S. Ct. 1605 (2010).  In *Jerman*, the Court unequivocally dismissed the defendant and the dissenting Justices' arguments that the FDCPA should be read to exclude liability for "technical violations."  In explaining that the FDCPA is designed to protect consumers for all violations, including technical violations, the Court held:

> In the dissent's view, these policy concerns are evidence that "Congress could not have intended" the reading we adopt today. *Post,* at 1630. But the dissent's reading raises concerns of its own. The dissent focuses on the facts of this case, in which an attorney debt collector, in the dissent's view, "acted reasonably at every step" and committed a "technical violation" resulting in no "actual harm" to the debtor. *Post,* at 1634, 1631, 1632. But the dissent's legal theory does not limit the defense to attorney debt collectors or "technical" violations. Under that approach, it appears, nonlawyer debt collectors could obtain blanket immunity for mistaken interpretations of the FDCPA simply by seeking the advice of legal counsel. Moreover, many debt collectors are compensated with a percentage of money recovered, and so will have a financial incentive to press the boundaries of the Act's prohibitions on collection techniques. It is far from obvious why immunizing debt collectors who adopt aggressive but mistaken interpretations of the law would be consistent with the statute's broadly worded prohibitions on debt collector misconduct. Jerman and her *amici* express further concern that the dissent's reading would give a competitive advantage to debt collectors who press the boundaries of lawful conduct. They foresee a "race to the bottom" driving ethical collectors out of business. Brief for Petitioner 32; Brief for Public Citizen et al. as *Amici Curiae* 16-18. ***It is difficult to square such a result with Congress' express purpose "to eliminate abusive debt collection practices by debt collectors, [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged***.

Plaintiff's Motion to Dismiss Defendant's Counterclaim- 6

*Id.* at 1623 (emphasis added). As such, it would be wholly inconsistent to allow Defendant to make the illogical argument that Plaintiff filed her Complaint for bad faith and harassment purposes only, when Defendant has essentially admitted to the merits by admitting the number Plaintiff alleges to receiving calls from, and that in attempting to contact an individual named Tracy, it "may have" contacted Plaintiff. By admitting these highly relevant and critical facts to Plaintiff's claim, Defendant has essentially stripped itself of any room to argue that Plaintiff filed his lawsuit in bad faith and for harassment purposes. Accordingly, Defendant's Counterclaim should be dismissed.

**V.    CONCLUSION**

Defendant's Counterclaim fails to state a claim upon which relief can be granted. The sole basis of Defendant's Counterclaim rests on one unsupported, conclusory statement which, in reality, are simply legal conclusions masquerading as fact. Accordingly, there is no basis for Defendant's Counterclaim and it should be dismissed.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court, Defendant's Counterclaim, submitted in connection with Defendant's Answer to Plaintiff's Verified Complaint, be dismissed.

RESPECTFULLY SUBMITTED,

Plaintiff's Motion to Dismiss Defendant's
Counterclaim- 7

DATED:  August 18, 2011

KROHN & MOSS, LTD.

By: /s/  Sharon Cousineau
Sharon Cousineau (Local Counsel)
WSB: (30061)
Cousineau Law Group, LLC
700 West Evergreen Blvd.
Vancouver, WA 98660
Tel. 971-207-5140
Fax 360-694-1435

*Of Counsel*

KROHN & MOSS, LTD.
10474 Santa Monica Blvd., Ste. 401
Los Angeles, CA 90025
Tel: (323) 988-2400
Fax: (866) 620-2956
www.krohnandmoss.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to the following:

Robert E. Sabido        rsabido@cvk-law.com

By:     /s/  Sharon Cousineau
Sharon Cousineau

Plaintiff's Motion to Dismiss Defendant's Counterclaim- 8