1                                      Judge Ricardo S. Martinez

2

3

4

5

6                      UNITED STATES DISTRICT COURT

7                 WESTERN DISTRICT OF WASHINGTON

8                           AT SEATTLE

| | |
|---|---|
| 9   ANGEL RODRIGUEZ, | Case No. CV-11-00590 RSM |
| 10         Plaintiff, | |
| 11    v. | **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM** |
| 12   PORTFOLIO RECOVERY ASSOCIATES, LLC, | |
| 13         Defendant. | **Oral Argument Requested** |
| 14 | |

15

16                        **I.  BACKGROUND**

17      On April 7, 2011, plaintiff filed this lawsuit alleging violations of the Fair Debt

18  Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").  (Docket No. 1).  On

19  August 5, 2011, defendant Portfolio Recovery Associates, LLC ("PRA") filed its answer

20  and a counterclaim for attorney's fees and costs under §1692k(a)(3) of the FDCPA.

21  (Docket No. 9).  In response, without conferring with PRA's counsel to discuss the

22  issue, plaintiff filed a motion to dismiss PRA's counterclaim on August 18, 2011.

23  (Docket No. 11).  On September 2, 2011, PRA filed an amended answer and

24  counterclaim to address the pleading issue raised in plaintiff's motion.  (Docket No. 13).

25  Despite the amended answer, plaintiff refuses to withdraw his motion.

26

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

## II.  RELEVANT LAW

**A.    Pleading Standards**

Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Detailed factual allegations are not required.  *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1948 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007).  Thus, to survive a motion to dismiss, a claim need only "contain sufficient factual matter [that], accepted as true, . . . state[s] a claim to relief that is plausible on its face.  A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft*, 129 S. Ct. at 1949 (internal quotations and citations omitted).

In deciding a motion to dismiss, the court must accept as true all factual allegations set out in the claim.  *Bell Atlantic Corp.*, 127 S. Ct. at 1965.  The court construes the allegations liberally, and draws all inferences from those allegations in the light most favorable to the non-moving party.  *See id.; al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009), *rev'd on other grounds*, 131 S. Ct. 2074 (2011).  The issue on a Rule 12(b)(6) motion is not whether the claimant will prevail, but whether the claimant is entitled to offer evidence to support its claim.  *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969).  Thus, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely."  *Bell Atlantic Corp.*, 127 S. Ct. at 1965 (internal quotations omitted).

**B.    FDCPA**

*1.    Attorney's Fees Provision*

Section 1692k(a)(3) of the FDCPA provides in part that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of

1    harassment, the court may award to the defendant attorney's fees reasonable in relation

2    to the work expended and costs."

3         **2.        *Counterclaim for Attorney's Fees***

4         Washington federal courts have recognized counterclaims for attorney's fees

5    under §1692k(a)(3) of the FDCPA.  For example, in *Hylkema v. Palisades Collection,*

6    *LLC*, 2008 U.S. Dist. LEXIS 21241, *1-2 (W.D. Wash 2008), the Honorable Robert S.

7    Lasnik of this court denied the plaintiff's motion to dismiss the defendants' counterclaim

8    for attorney's fees under §1692k(a)(3).  In so doing, Judge Lasnik rejected the plaintiff's

9    argument that the counterclaim was "premature."  *Id.*

10        In *Dexter v. Tran*, 2009 U.S. Dist. LEXIS 118994, *1-2 (E.D. Wash 2009), the

11   defendant asserted a counterclaim for attorney's fees under §1692k(a)(3).  The

12   Honorable Robert H. Whaley of the Eastern District of Washington considered the

13   substantive merits of the counterclaim – *i.e.*, whether the plaintiff brought the action in

14   bad faith or for the purpose of harassment.  2009 U.S. Dist. LEXIS 118994 at *2.

15   Significantly, Judge Whaley did not find that, as procedural matter, the defendant's

16   claim for fees could not be brought as a counterclaim under §1692k(a)(3).  *See id.*

17        *See also Emanuel v. American Credit Exchange*, 870 F.2d 805, 809 (2nd Cir.

18   1989) (recognizing counterclaims for attorney's fees under §1692k(a)(3)); *Ayres v.*

19   *National Credit Management Corp.*, 1991 U.S. Dist. LEXIS 5629, *16 (E.D. Pa. 1991)

20   (finding no reason in FDCPA case "why defendants should not be allowed to seek costs

21   and fees in their responsive pleading . . .; [it] "simply put[s] plaintiff and the court on

22   notice that a 'bad faith' claim will be raised at trial on the merits"); *see generally Shire*

23   *Development, Inc. v. Crossroads Partners*, 1999 U.S. App. LEXIS 22723 (9th Cir. 1999)

24

25

26

Page 3 - **DEFENDANT'S OPPOSITION TO PLAINTIFF'S
         MOTION TO DISMISS COUNTERCLAIM**     1306976

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

1   (holding in non-FDCPA case that "counterclaim for attorney fees was compulsory" and,

2   therefore, barred by *res judicata* because it was not timely filed in prior action).[1]

3                                     **III.  DISCUSSION**

4            Plaintiff contends that PRA's counterclaim for attorney's fees and costs should be

5   dismissed because (1) PRA has "alleged absolutely zero conduct to support" the

6   counterclaim; and (2) a claim for fees and costs under §1692k(a)(3) cannot be brought

7   as a counterclaim.  (Plaintiff's Motion to Dismiss Defendant's Counterclaim ["Plaintiff's

8   Motion"], pp. 3-7).  Neither contention has merit.

9
    **A.     PRA's amended answer alleges sufficient facts supporting its**
10           **counterclaim.**

11           In its amended answer, PRA's counterclaim incorporates the preceding

12  paragraphs of the amended answer and alleges:

13           "Based on the conduct described in paragraph 19 and the other facts set
             forth above, plaintiff has brought this action in bad faith and for the
14           purpose of harassment.  Accordingly, PRA is entitled to recover its
             attorney's fees and costs under 15 U.S.C. §1692k(a)(3)."
15

16  (Defendant's Amended Answer, Affirmative Defenses, and Counterclaim ["Amended

17  Answer"], ¶¶ 25-26).  Paragraph 19 alleges in part:

18           "To the extent he had any telephone conversations with PRA, plaintiff was
             disingenuous about his true identity, used different names, and obstructed
19           PRA's good faith attempts to conduct its business in compliance with the
             law."
20

21  (Amended Answer at ¶19).[2]  Additionally, the prior paragraphs of the amended answer

22  – realleged and incorporated by reference into the counterclaim – deny (1) that plaintiff

_____

23           [1] 9th Cir. R. 36-3 allows citation, in the courts within the Ninth Circuit, of
    unpublished dispositions and orders of the Ninth Circuit Court of Appeals that were
24  issued on or after January 1, 2007.

25           [2] Paragraph 19 in the amended answer is the same as paragraph 19 in the
    original answer.  The amended answer simply clarifies that the conduct alleged in
26  paragraph 19 and the rest of the answer are the bases for the counterclaim.

**COSGRAVE VERGEER KESTER LLP**
**Attorneys**
**805 SW Broadway, 8th Floor**
**Portland, OR 97205**
**(503) 323-9000**

1   told PRA that there was no one named Tracy at the telephone number reached and to

2   stop calling the number; and (2) that PRA continued to call plaintiff's telephone number

3   and continued to ask for Tracy.  (Complaint, ¶¶11-12; Amended Answer at ¶¶11-12;

4   25).

5        In deciding plaintiff's motion to dismiss, the court must accept as true all of PRA's

6   allegations.  *See Bell Atlantic Corp.*, 127 S. Ct. at 1965.  And the court must construe

7   those allegations liberally, drawing all inferences in the light most favorable to PRA.

8   *See id.*; *al-Kidd*, 580 F.3d at 956.  Properly applying those standards, PRA's

9   counterclaim alleges that, to the extent there were any telephone conversations with

10  plaintiff:

11       •   plaintiff deceived PRA about his true identity;

12       •   plaintiff used two different names;

13       •   plaintiff's deception and disingenuity prevented PRA from conducting its

14           business in good faith;

15       •   plaintiff did not tell PRA, unequivocally, that he is not the person they were

16           trying to reach;

17       •   plaintiff did not tell PRA to stop calling; and

18       •   PRA did not continue calling plaintiff's telephone number.

19       Despite all that, plaintiff still chose to file this lawsuit against PRA based on

20  alleged conduct that he himself created, caused, and or otherwise invited; and on

21  alleged events that never happened.  PRA's counterclaim, therefore, alleges more than

22  sufficient factual matter to state a plausible claim that plaintiff filed this lawsuit in bad

23  faith and for the purpose of harassment.

24       The court need not decide, at this time, whether PRA will ultimately prevail on its

25  counterclaim.  The only issue for the court to decide is whether PRA is entitled to offer

26

Page 5 - **DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO DISMISS COUNTERCLAIM**        1306976

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

1   evidence to support its counterclaim.  *See Allison*, 419 F.2d at 823.  For the reasons

2   discussed above, it is.  Plaintiff's contention to the contrary lacks merit.

3
**B.    Washington courts recognize counterclaims for attorney's fees under
4           §1692k(a)(3).**

5          Plaintiff contends that a claim for attorney's fees under §1692k(a)(3) of the

6   FDCPA cannot be asserted as a counterclaim.  (Plaintiff's Motion at 3-5).  To support

7   that contention, plaintiff cites cases from *other* jurisdictions.  (*Id.* at 4-5).  But that is not

8   the law in *this* jurisdiction.

9          Conveniently, plaintiff disregards this court's decision in *Hylkema v. Palisades*

10  *Collection, LLC.*  In *Hylekema*, Judge Lasnik denied the plaintiff's motion to dismiss a

11  counterclaim for fees under §1692k(a)(3) as premature – the same argument plaintiff is

12  making in this case.  2008 U.S. Dist. LEXIS 21241 at *1-2.  Plaintiff also disregards the

13  Eastern District of Washington's decision in *Dexter v. Tran*.  In *Dexter*, Judge Whaley

14  considered the substantive merits of the defendant's counterclaim for attorney's fees

15  under §1692k(a)(3).  2009 U.S. Dist. LEXIS 118994 at *1-2.  In reaching the merits of

16  the counterclaim, Judge Whaley did not find that the claim for fees under the FDCPA

17  could not be brought as a counterclaim.  Thus, *Hylkema* and *Dexter* recognize –

18  expressly and implicitly – a counterclaim for fees under §1692k(a)(3).

19         Plaintiff fails to acknowledge either decision from the federal courts of this state,

20  much less explain why Judge Lasnik's and Judge Whaley's decision are somehow

21  incorrect.  Furthermore, plaintiff cites no Ninth Circuit Court of Appeals decision that

22  overrules Judge Lasnik's decision or Judge Whaley's decision.  Under *Hylkema* and

23  *Dexter*, a claim for attorney's fees under §1692k(a)(3) can be asserted as a

24  counterclaim in an FDCPA action.  Plaintiff's contention to the contrary fails.

25         Indeed, a plain reading of §1692k(a)(3) supports this conclusion.  The statute

26  provides in part that "[o]n a *finding* by the court that an action under this section was

**COSGRAVE VERGEER KESTER LLP**
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

1   brought in bad faith and for the purpose of harassment, the court may *award* to the

2   defendant attorney's fees reasonable in relation to the work expended and costs."

3   (Emphasis added).  Thus, a "finding" of bad faith and harassment is the predicate to an

4   "award" of fees and costs.  The statute does not say, however, that such a finding is a

5   predicate to *pleading* or *alleging* a claim for fees and costs under the statute.  To read

6   the statute otherwise would violate statutory construction principles.

7   **C.    Plaintiff's other arguments do not help him.**

8          Plaintiff argues that there is merit in bringing this action because PRA's answer

9   admits that it "places telephone calls from 412-282-1420, and that in trying to reach a

10  person whose name if Tracy, it 'may have' reached [p]laintiff."  (Plaintiff's Motion at 5).

11  By itself, of course, contact with plaintiff (assuming it even happened) does not violate

12  the FDCPA.  Instead, as raised in plaintiff's complaint, it is the frequency and continuity

13  of any such contact that determines whether the contact violates the FDCPA.  (*See*

14  Plaintiff's Complaint at ¶¶11-13).  On those issues, PRA has denied that any such

15  contact was repeated or continuous.  (Amended Answer at ¶¶11-13).  Moreover, as

16  relevant here, it is *plaintiff's* conduct during any such contact, and his subsequent

17  decision to sue PRA despite his conduct, that form the basis of PRA's counterclaim.

18  PRA's alleged "admission" of contact with plaintiff, therefore, does not support a

19  dismissal of PRA's counterclaim.

20         Plaintiff additionally argues that "it should not be left for the jury, should [he] not

21  prevail, to determine if this action was brought for an improper purpose."  (Plaintiff's

22  Motion at 5).  That argument ignores the jury's function of resolving any issues of fact

23  relating to PRA's counterclaim – including, for example, whether plaintiff was

24  disingenuous about his true identity and used two different names.

25         Finally, plaintiff quotes the purpose of the FDCPA "to eliminate abusive debt

26  collection practices by debt collectors, [and] to insure that those debt collectors who

Page 7 - **DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO DISMISS COUNTERCLAIM**        1306976

**COSGRAVE VERGEER KESTER LLP**
**Attorneys**
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

1  refrain from using abusing debt collection practices are not competitively

2  disadvantaged." (Plaintiff's Motion at 6). The purpose of the FDCPA, of course, is not

3  at issue. The issue, instead, is whether PRA has alleged sufficient facts to support a

4  counterclaim for attorney's fees under §1692k(a)(3), and whether such a counterclaim is

5  recognized by Washington federal courts. The answer to both those questions is "yes,"

6  as discussed above. Nothing about the purpose of the FDCPA changes those answers

7  or PRA's right to pursue its counterclaim against plaintiff.

8  **IV.  CONCLUSION**

9  The court should deny plaintiff's motion to dismiss.

10  DATED: September 12, 2011

11  COSGRAVE VERGEER KESTER LLP

12

13  /s/ Robert E. Sabido

14  Robert E. Sabido, WSBA No. 29170
   rsabido@cvk-law.com

15  805 SW Broadway, 8th Floor
   Portland, OR 97205
   Telephone: (503) 323-9000

16  Fax: (503) 323-9019

17  Attorneys for Defendant

18

19

20

21

22

23

24

25

26

Page 8 - **DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO DISMISS COUNTERCLAIM**            1306976

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

1      **CERTIFICATE OF SERVICE**

2          I hereby certify that on September 12, 2011, I electronically filed the foregoing

3      **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS**

4      **COUNTERCLAIM** with the Clerk of the Court using the CM/ECF System which will send

5      notification of such filing to the following:

6      Sharon Cousineau
       Cousineau Law Group, LLC
7      700 West Evergreen Boulevard
       Vancouver, WA 98660
8              Attorneys for Plaintiff

9          DATED:  September 12, 2011

10

11                                         /s/ Robert E. Sabido
                                           Robert E. Sabido
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 1 - **CERTIFICATE OF SERVICE**1306976