IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGEL RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | NO. 2:11-cv-00590-RSM<br><br>PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM |

NOW COMES Plaintiff, ANGEL RODRIGUEZ ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., hereby files his reply brief in support of his motion to dismiss the counterclaim filed by Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"). In support thereof, Plaintiff states as follows:

**I.   INTRODUCTION**

Plaintiff's Verified Complaint alleges Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. ("FDCPA") in it continued calls to him regarding a debt owed by another individual. (DE 1). On August 18, 2011, Plaintiff filed his Motion to Dismiss Defendant's Counterclaim ("Motion"). (DE 11). Plaintiff filed his Motion pursuant to Fed. R. Civ. P. 12(b)(6). (DE 11). Defendant filed an Amended Answer, Affirmative Defenses, and Counterclaim on September 2, 2011. (DE 13). As noted *infra*, Defendant's amended claim is nearly identical to its original, filed on August 5, 2011. (DE 9, 13). On September 12, 2011, Defendant filed its Opposition to Plaintiff's Motion ("Opposition"). (DE 14). In its unsuccessful attempt to oppose Plaintiff's Motion, Defendant erroneously argues the following: (1) it alleged sufficient facts to prove its Counterclaim; (2) its Counterclaim pursuant to 15 U.S.C. 1692k(a)(3) is proper; and (3)

Plaintiff's Reply in Support of Motion to Dismiss
Defendant's Counterclaim- 1

Defendant's admission to possibly calling Plaintiff on a debt that was not his does not help defeat Defendant's Counterclaim. (DE 12). In addition to the arguments presented in Plaintiff's Motion, the arguments presented herein also demonstrate that Defendant's Counterclaim should be dismissed.

Defendant's original Counterclaim states in full: "25. PRA is entitled to recover its attorney's fees and costs under 15 U.S.C. §1692k(a)(3), as plaintiff has brought this action in bad faith and for the purpose of harassment." (DE 9, ¶ 25). After Plaintiff's Motion and *without leave of Court*, Defendant filed and Amended Answer, Affirmative Defenses, and Counterclaim, where Defendant added only one additional paragraph to its Counterclaim, and revised the remaining paragraph; every other aspect of Defendant's responsive pleading remained identical. Specifically, Defendant's Counterclaim now states:

> 25.   PRA realleges and incorporates by reference paragraphs 1 through 24 above.
> 26.   Based on the conduct described in paragraph 19 and the other facts set forth above, plaintiff has brought this action in bad faith and for the purpose of harassment. Accordingly, PRA is entitled to recover its fees and costs under 15 U.S.C. §1692k(a)(3).

(DE 13, ¶¶ 25-26). Paragraph 19, referenced in its Counterclaim, states: "19. To the extent he had any telephone conversation with PRA, plaintiff was disingenuous about his true identify, used two different names, and obstructed PRA's good faith attempts to conduct its business in compliance with the law. Accordingly, plaintiff's claims should be barred by his own conduct and/or by the doctrine of unclean hands." (DE 13, ¶ 19). Indeed Defendant's "amended" Counterclaim remains substantively identical to its original Counterclaim. Accordingly, and in the interest of judicial economy, Plaintiff submits this reply in support of his motion, as opposed to refiling his motion

Plaintiff's Reply in Support of Motion to Dismiss
Defendant's Counterclaim- 2

which will contain the identical argument.

## II. DEFENDANT'S AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM WAS FILED WITHOUT LEAVE AND SHOULD BE DISMISSED

Pursuant to the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). If not within 21 days, a party must either seek a stipulation from its adversary, or leave of court. Fed. R. Civ. P. 15(a)(2). Defendant filed its Answer, Affirmative Defenses, and Counterclaim on August 5, 2011. (DE 9). Thus, in order to file an amended responses pleading without a stipulation or leave of Court, Defendant was required to file by August 26, 2011. *See* Fed. R. Civ. P. 15(a)(1)(A). Defendant failed to obtain a stipulation from Plaintiff and failed to seek leave of Court. However, Defendant failed to file its amended pleading until September 2, 2011, one full week beyond the statutory window. (DE 13). Accordingly, Defendant's amended pleading should be dismissed.

## III. DEFENDANT'S RELIANCE ON *HYLKEMA* AND *DEXTER* IS MISPLACED

Plaintiff asserts that Defendant's claim for fees pursuant to 1692k(a)(3) is not a proper cause of action that can be brought as a counterclaim, as the Defendant erroneously has done. Plaintiff cites case law from across the country whereby the court have held that a counterclaim is not the proper chanel to see redress under 1692k(a)(3). *See Kropf v. TCA, Inc.*, 2010 WL 4722282 at *1, --- F.Supp.2d. --- (E.D. Mich. Nov. 22, 2010) ("the Fair Debt Collection Practices Act ***does not create an independent cause of action for attorney's fees***."); *Perry v. Stewart Title Co.*, 756 F. 2d 1197, 1211 (5th Cir. 1985) ("[t]o recover attorney's fees under the FDCPA, the ***prevailing*** defendant must show affirmatively that the plaintiff brought the FDCPA claim in bad faith and for the purpose of harassment."); *Hardin v. Folger,* 704 F.Supp. 355, 356-57 (W.D.N.Y.1988) (dismissing the counterclaim because section 1692k(a)(3) "provides relief*, **but not a claim***, to defendants");

Plaintiff's Reply in Support of Motion to Dismiss
Defendant's Counterclaim- 3

*Chlanda v. Wymard*, 1994 WL 583124 at *1 (S.D. Ohio Aug. 16, 1994) (finding that the defendant's counterclaim for bad faith and harassment ***"fails to state a claim upon which relief can be granted"***); *Crow v. Wolpoff & Abramson*, 2007 WL 1247393 at *5 (D. Minn. Apr. 19, 2007) (denying Defendant's request to treat the affirmative defense of bad faith as a counterclaim, and holding that 15 U.S.C. § 1692k(a)(3) creates a claim ***after a finding that Plaintiff's case was brought in bad faith, which can only take place when the primary dispute is resolved***); *Kirscher v. Messerli & Kramer, P.A.,* 2006 WL 145162 at *7 (D. Minn. Jan. 18, 2006) (***dismissing the defendant's counterclaim*** but permitting it to request attorney's fees ***by a separate motion filed at a later stage in the proceedings***); *Young v. Reuben*, 2005 WL 1484671 at *1-2 (S.D. Ind. June 21, 2005) (same).

On the other hand, Defendant erroneously relies on only two cases to support its position that its Counterclaim is valid; *Hylkema v. Palisades Collection, LLC*, 2008 U.S. Dist. LEXIS 21241 (W.D. Wash 2008), and *Dexter v. Tran*, 2009 U.S. Dist. LEXIS 118994 (E.D. Wash 2009). Further, Defendant's reliance on *Hylkema* and *Dexter* is fatally flawed.

Defendant seems to miss the substance of the ruling in *Hylkema*. Specifically, the *Hylkema* court was presented with a second motion to dismiss the collector's counterclaim for bad faith. *Hylkema v. Palisades Collection, LLC*, 2008 U.S. Dist. LEXIS 21241 at*1 (W.D. Wash 2008). Prior to Hylkema's motion, the court granted the collector leave to cure deficiencies in its pleading. *Id*. Hylkema's motion to dismiss alleged that the collector failed to cure its deficiencies, and failed to timely file and amended answer, affirmative defenses and counterclaim. *Id*. at *1-2. The *Hylkema* court denied Hylkema's second motion to dismiss on the grounds that the collector did cure its defects and that Hylkema suffered any prejudice by the collector's late filing. *Id*. at *2. Defendant

Plaintiff's Reply in Support of Motion to Dismiss
Defendant's Counterclaim- 4

1  fails to provide language that a counterclaim pursuant to 1692k(a)(3) is proper.

2  Likewise, Defendant is equally wrong in its analysis of *Dexter*. Defendant purports that the *Dexter* court considered the substantive merits of the collectors counterclaim, and procedurally found that a counterclaim pursuant to 1692k(a)(3) was proper. However, just language does not exist. Before the *Dexter* court was the collector's cross-motion for summary judgment. *Dexter v. Tran*, 2009 U.S. Dist. LEXIS 118994 at *1 (E.D. Wash 2009). In its holding, the *Dexter* court stated:

> The Court does not find that the above-captioned action was brought in bad faith or for the purpose of harassment. Moreover, the Court does not find that the Defendants are entitled to recover their attorneys fees and costs by virtue of the parties' Reaffirmation Agreement. Plaintiff brought this action under the Fair Debt Collection Practice Act, and did not allege breach of the reaffirmation agreement.

*Id*. at *2. Despite Defendant's position, nowhere in *Dexter* does the court find a proper counterclaim pursuant to 1692k(a)(3), and Defendant fails to show otherwise. Furthermore, the aforementioned ruling in *Dexter* was decided on summary judgment. Thus, it logically flows, and is consistent with Plaintiff's case law cited *supra*, that any claim for bad faith pursuant to 1692k(a)(3), is to be decided after decision on the merits of a plaintiff's claim.

### IV. DEFENDANT'S AMENDED COMPLAINT AND COUNTERCLAIM CONTINUOUSLY FAILS TO ALLEGE FACTS TO SUPPORT A SHOWING OF BAD FAITH

Without conceding that Defendant's Counterclaim for fees pursuant to 1692k(a)(3) is proper, *see infra*, Defendant still fails to allege any ***facts*** that Plaintiff filed his Complaint in bad faith. Defendant's only "facts" alleged by Defendant are its admissions / denials to Plaintiff's allegations and affirmative defenses. (DE 13). Again, Defendant offers nothing but self-serving statements in

hopes that there is bad faith. A party's allegations must be pled in a manner that establishes a plausibility of entitlement to relief as opposed to a mere possibility. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (U.S. 2007). Further, while legal conclusions can provide a framework of a complaint (or counterclaim), they must be supported by factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Defendant provides no specific facts of any bad faith by Plaintiff and accordingly, its counterclaim must be dismissed.

**V.  DEFENDANT ESSENTIALLY CONCEDES PLAINTIFF FILED A VALID FDCPA CLAIM**

It is puzzling how Defendant can contend that Plaintiff brought her lawsuit in bad faith, while simultaneously conceding that it placed calls to Plaintiff attempting to reach another individual. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors and to promote consistent State action to protect consumers against debt collection abuses. *See* 15 U.S.C. 1692(e). Even "technical violations" are valid and actionable causes of action under the FDCPA. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, et al.*, 130 S. Ct. 1605 (2010).

Plaintiff has alleged that Defendant called his telephone looking for Tracy, and that on at least 10 separate occasions, informed Defendant that Tracy could not be reached at his number. (DE 1, ¶¶ 10-11). Plaintiff further alleged that Defendant continued to call him despite the aforementioned. (DE 1, ¶ 12). Defendant admits to calling Plaintiffs number seeking a debt for Tracy. (DE 11, 13). Under section 1692d(5) of the FDCPA, which Plaintiff alleges in his Complaint, a collector may not cause a "telephone to ring or engage ***any person*** in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass ***any person*** at the called number." 15 U.S.C. 1692d(5). Such a claim, even if he recipient is not the debtor, is valid

Plaintiff's Reply in Support of Motion to Dismiss
Defendant's Counterclaim- 6

under the FDPCA, and therefore, cannot be in bad faith.  *See Meadows v. Franklin Collection Service,* No. 10-13474, 2011 WL 479997 at *3 (11th Cir. Feb. 11, 2011).

## VI.     CONCLUSION

Defendant fails to provide any competent evidence to support its conclusory argument that it is somehow entitled to assert its Counterclaim pursuant to 15 U.S.C. 1692k(a)(3).  Without providing any competent evidence to oppose Plaintiff's Motion, Defendant further concedes Plaintiff's viable FDCPA claim.  Wherefore, this Honorable Court should grant Plaintiff's Motion to Dismiss Defendant's Bad Faith Counterclaim.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court, Defendant's Counterclaim, submitted in connection with Defendant's Answer to Plaintiff's Verified Complaint, be dismissed.

Plaintiff's Reply in Support of Motion to Dismiss
Defendant's Counterclaim- 7

```
                                          RESPECTFULLY SUBMITTED,


DATED:  September 16, 2011               KROHN & MOSS, LTD.


                                    By:  /s/  Sharon Cousineau
                                         Sharon Cousineau (Local Counsel)
                                         WSB: (30061)
                                         Cousineau Law Group, LLC
                                         700 West Evergreen Blvd.
                                         Vancouver, WA 98660
                                         Tel. 971-207-5140
                                         Fax 360-694-1435
```

*Of Counsel*

KROHN & MOSS, LTD.
10474 Santa Monica Blvd., Ste. 401
Los Angeles, CA 90025
Tel: (323) 988-2400
Fax: (866) 620-2956
www.krohnandmoss.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to the following:

Robert E. Sabido      rsabido@cvk-law.com

                            By:   /s/  Sharon Cousineau
                                       Sharon Cousineau

Plaintiff's Reply in Support of Motion to Dismiss
Defendant's Counterclaim- 8