IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANGEL RODRIGUEZ,

    Plaintiff,

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

    Defendant.

Case No. 2:11-cv-590-RSM
Hon. Ricardo S. Martinez

## JOINT 26(F) STATUS REPORT AND DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure ("FRCP") 16 and 26(f), Plaintiff, ANGEL RODRIGUEZ ("Plaintiff"), and Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC. ("Defendant"), through their respective counsel, submit the following Joint Rule 26(f) Report:

**Meeting of the Parties:**

A telephonic meeting of the parties was held on September 22, 2011. The parties were represented by:

    Sharon Cousineau – for Plaintiff.

    Robert Sabido – for Defendant.

**Basis for Jurisdiction**

Plaintiff asserts that this action is based on the federal Fair Debt Collection Practices Act (FDCPA). Section 1692k(d) of the FDCPA states that such actions may be brought and heard

before "any appropriate United States district court without regard to the amount in controversy." Plaintiff asserts that venue is pursuant to 28 U.S.C. 1391(b)(2).

**1. Statement of the Case:**

  A. **Plaintiff:**  Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). As set forth in Plaintiff's Complaint, Plaintiff alleges certain unlawful conduct at the hands of Defendant concerning collections activity rising out of an alleged debt.

  B. **Defendant:**  Defendant has filed an answer denying plaintiff's allegations, raising affirmative defenses, and asserting a counterclaim for attorney fees and costs under §1692k(a)(3) of the FDCPA. Plaintiff has moved to dismiss the counterclaim. That motion is currently pending before this court.

**Legal Issues:**

  A. **Plaintiff:**  Whether Plaintiff's alleged debt is subject to the FDCPA; whether Defendant's actions violated the FDCPA; and whether Defendant qualifies as a "debt collector" under the FDCPA.

  B. **Defendant:**  Whether the FDCPA applies; whether the FDCPA was violated; whether defendant is entitled to prevail on its affirmative defenses; whether plaintiff suffered any damages; and whether defendant is entitled to recover its attorney's fees and costs under §1692k(a)(3) of the FDCPA.

**Damages:**

Plaintiff contends that the FDCPA entitles Plaintiff to a maximum of $1,000.00 in statutory damages. Additionally, the FDCPA provides for reasonable attorneys' fees and costs to

a prevailing plaintiff.

Defendant seeks to recover its attorney's fees and costs under §1692k(a)(3).

**2. ADR Method:**

The parties at this time do not agree that mediation or other ADR would be productive.

**4. Joining Parties Deadline:**

At this time, the parties do not anticipate joining additional parties to the case. However, the parties may need to amend their pleadings at some point, as new facts may be revealed or discovered.

**5. Proposed Discovery Plan:**

a)   Date FRCP 26(f) Conference Took Place:   **September 22, 2011**

Date FRCP 26(a) Initial Disclosures Took Place:   **September 22, 2011**

b)   The parties anticipate needing discovery regarding the following subjects: any and all communications between Plaintiff and Defendant; any and all information pertaining to Plaintiff's allegations and alleged damages suffered; and any and all information pertaining to Defendant's Affirmative Defenses and counterclaim. At this time, the parties do not believe that discovery should be conducted in phases or limited to something less than what the FRCPs and the Local Rules allow.  The parties anticipate propounding Interrogatories, Requests for Production, and Requests for Admission. Depending on the information disclosed, Plaintiff may depose the person most knowledgeable with the facts alleged in Plaintiff's Complaint and the information contained in Defendant's responses to Plaintiff's discovery requests. Defendant may depose Plaintiff and any relevant third parties.

c)  The parties will preserve evidence as required under the Federal and Local Rules. The parties also agree that, at this time, no changes should be made in the limitations on discovery imposed under the Federal and Local Civil Rules.

d)  Statement regarding how discovery will be managed as to minimize expenses:

The parties will confer and make a good faith effort to resolve any discovery disputes between themselves, before seeking court intervention.

e)  Any other orders that should be entered by the Court under FRCP 26(c) or under Local Rule CR 16(b) and (c):

None at this time.

**6. Discovery Completion:**

Date of Discovery (including expert) Cut-off **January 26, 2012.**

Other Proposed Deadlines:

- Dispositive motions: **February 3, 2012.**

- Pretrial conference: **early April 2012.**

**7. Magistrate Consent:**

At this time, parties do not consent that a full time Magistrate Judge may conduct all proceedings.

**8. Bifurcation:**

At this time, the parties do not see a need to bifurcate the case.

**9. Pretrial Statements:**

The parties are discussing whether to waive pretrial statements and the pretrial order.

Cousineau Law Group, LLC
700 West Evergreen Blvd.
Vancouver, WA 98660
971-207-5140 / 360-694-7435 FAX

1  **10. Suggestions for shortening or simplifying the case:**

   The parties have not as yet engaged in preliminary settlement negotiations.

   **11. Trial Date:**

   May 3-4, 2012 or a two-day block during the week of May 7, 2012.

   **12. Jury Trial:**

   Plaintiff has timely filed a request for a jury trial.

   **13. Days Required for Trial:**

   The parties anticipate that the trial in this case will last 1-2 days.

   **14. Trial Counsel:**

   | Plaintiff: | Defendant: |
   |---|---|
   | Sharon Cousineau (Local Counsel) | Robert E. Sabido |
   | Cousineau Law Group, LLC | Cosgrave Vergeer Kester LLP |
   | 700 West Evergreen Blvd. | 805 SW Broadway, 8th Floor |
   | Vancouver, WA 98660 | Portland, OR 97205 |
   | Tel. 971-207-5140 | Tel. 503-323-9000 |

   **15. Service on Defendants:**

   Not Completed.

   ///

   ///

   ///

### 16. Scheduling Conference

The parties at this time do not request a scheduling conference.

RESPECTFULLY SUBMITTED,

By: */s/ Sharon Cousineau*
Sharon Cousineau
700 W. Evergreen Blvd.
Vancouver, WA 98660
971-207-5140
sdcousineau@gmail.com
Attorney for Plaintiff.

By: */s/ Robert E. Sabido*
Robert E. Sabido
805 SW Broadway, 8th Floor
Portland, OR 97205
503-323-9000
rsabido@cvk-law.com