UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGEL RODRIGUEZ,<br><br>                    Plaintiff,<br><br>        v.<br><br>PORTFOLIO RECOVERY<br>ASSOCIATES, LLC,<br><br>                    Defendant. | CASE NO. C11-590-RSM<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION TO DISMISS |

## I. INTRODUCTION

This matter comes before the Court upon Plaintiff's Motion to Dismiss Defendant's counterclaim. Dkt. # 11. For the reasons set forth below, Plaintiff's motion is GRANTED.

## II. BACKGROUND

On April 7, 2011, Plaintiff, Angel Rodriguez, filed this lawsuit against Defendant, Portfolio Recovery Associates, LLC ("PRA"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). Dkt. # 1. On August 5, 2011, Defendant filed its Answer, Affirmative Defenses, and a Counterclaim (the "Answer") for attorney's fees and costs under §1692k(a)(3) of the FDCPA. Dkt. #9. The counterclaim states in its entirety,

"PRA is entitled to recover its attorney's fees and costs under 15 U.S.C. §1692k(a)(3), as plaintiff has brought this action in bad faith and for the purpose of harassment." Dkt. #9, p. 4.

On August 18, Plaintiff filed the instant motion requesting the Court to dismiss Defendant's counterclaim. Dkt. #11. On September 2, 2011, PRA filed an Amended Answer, Affirmative Defenses, and Counterclaim (the "Amended Answer"). Dkt. #13. The Amended Answer is almost identical to the Answer, with the exception of one additional sentence and one revised sentence in the counterclaim section:

> 25. PRA realleges and incorporates by reference paragraphs 1 through 24 above.
> 26. Based on the conduct described in paragraph 19 and the other facts set forth above, plaintiff has brought this action in bad faith and for the purpose of harassment. Accordingly, PRA is entitled to recover its fees and costs under 15 U.S.C. §1692k(a)(3).

Dkt. # 13, ¶¶ 25–26. Paragraph 19, referenced here, states:

> 19. To the extent he had any telephone conversation with PRA, plaintiff was disingenuous about his true identity, used two different names, and obstructed PRA's good faith attempts to conduct its business in compliance with the law. Accordingly, plaintiff's claims should be barred by his own conduct and/or by the doctrine of unclean hands.

Dkt. # 13, ¶ 19. In addition to the Amended Answer, Defendant filed a Response to the Plaintiff's Motion, arguing that the pleadings were sufficient to support the counterclaim, and that Washington courts have recognized counterclaims for attorney's fees. Dkt. #14. Plaintiff has filed a timely Reply, reiterating the procedural and substantive arguments of the Motion, as well as challenging the validity of the Amended Answer for violating the time frame set forth in the Federal Rules of Civil Procedure. Dkt. #15.

**A. Standard of Review**

In considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has alleged sufficient facts to state a claim for relief which is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007)).  A claim is facially plausible if the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. 556).  In making this assessment, the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party.  *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted).  The Court is not, however, bound to accept the plaintiff's legal conclusions.  *Iqbal*, 129 S. Ct. at 1949–50.  While detailed factual allegations are not necessary, the plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

**B.  FDCPA §1692k(a)(3) Attorney's Fees**

Plaintiff argues that Defendant's Amended Answer violates Rule 15(a)(1)(A)'s time limit for amending pleadings.  Fed. R. Civ. P. 15(a)(1)(A).  However, the Counterclaim was a pleading to which a responsive pleading was required, so the Defendant's Amended Answer was timely.  Fed. R. Civ. P. 15(a)(1)(B).

Plaintiff's next argument is that Defendant's claim for fees pursuant to §1692k(a)(3) is not a proper cause of action that can be brought as a counterclaim, but should instead be awarded by the Court after the primary dispute has been resolved.  Dkt. ##15, pp. 4–5; 11, pp. 3–5.  The relevant portion of the FDCPA states:

> On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. § 1692(k)(a)(3).  The Ninth Circuit has not ruled on this issue directly, and other courts offer differing interpretations.

A few courts have allowed §1692(k)(a)(3) counterclaims.[1] *See Hylkema v. Palisades Collection, LLC*, C07-1679RSL, 2008 WL 623469 (W.D. Wash. Mar. 4, 2008); *Ayres v. Nat'l Credit Mgmt. Corp.,* Civ. A. No. 90-5535, 1991 WL 66845, at *5 (E.D. Pa. Apr. 25, 1991). However, notably more courts have found that §1692(k)(a)(3) should not be pursued as a counterclaim, but should be resolved only after a defendant prevails on the merits. *See, e.g.*, *Kropf v. TCA, Inc.*, 2010 WL 4722282 at *1 (E.D. Mich. Nov. 22, 2010) ("the Fair Debt Collection Practices Act does not create an independent cause of action for attorney's fees"); *Perry v. Stewart Title Co.*, 756 F. 2d 1197, 1211 (5th Cir. 1985) ("[t]o recover attorney's fees under the FDCPA, the <u>prevailing</u> defendant must show affirmatively that the plaintiff brought the FDCPA claim in bad faith and for the purpose of harassment") (emphasis added); *Hardin v. Folger,* 704 F.Supp. 355, 356–57 (W.D.N.Y.1988) (dismissing the counterclaim because section 1692k(a)(3) "provides relief, but not a claim, to defendants"); *Kirscher v. Messerli & Kramer, P.A.,* 2006 WL 145162 at *7 (D. Minn. Jan. 18, 2006) (dismissing the defendant's counterclaim, but permitting it to request attorney's fees by a separate motion filed at a later stage in the proceedings); *Young v. Reuben*, 2005 WL 1484671 at *1-2 (S.D. Ind. June 21, 2005) (same); *Allen v.* Scott, 2011 WL 219568 at *2 (N.D. Tex. Jan. 19, 2011) (noting that the "conclusion that § 1692k does not permit a bad faith counterclaim is consistent with the majority of decisions reached by other courts"); *Allers-Petrus v. Columbia Recovery Group, LLC*, C08-5533 FDB, 2009 WL 1160061 at *1 (W.D. Wash. Apr. 29, 2009) ("if a plaintiff brings an FDCPA action <u>and loses</u>, subsection 1692k(a)(3) permits the court to award attorney's fees and costs to the defendant") (emphasis added).

---

[1] Defendant cites *Dexter v. Tran*, 2009 U.S. Dist. LEXIS 118994 at *1 (E.D. Wash. Aug. 5, 2009) as a case allowing a §1692(k)(a)(3) counterclaim. Dkt. # 14, p. 3. But there is no language in *Dexter* indicating the belief that a counterclaim is proper. Defendant also cites *Emanuel v. Am. Credit Exch.*, 870 F.2d 805, 809 (2d Cir. 1989), but this case is distinguishable because the *Emanuel* defendant's counterclaims centered on a malicious prosecution allegation, which is a cause of action in and of itself, in addition to requesting attorney's fees, so the court did not rule on the propriety of the counterclaim here, either.

The Plaintiff's position is not only supported by the weight of case law, but also consistent with the general rule regarding attorney's fees, set out in the Federal Rules of Civil Procedure. Rule 54 requires:

> "(2) *Attorney's Fees.* (A) *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses <u>must be made by motion</u> unless the substantive law requires those fees to be proved at trial as an element of damages.

Fed. R. Civ. P. 54(d)(2)(A) (emphasis added).[2]

Finally, Congress's explicit purpose for passing §1692 was to increase the protection for consumers from abusive debt collection practices, and to incentivize consumers who have been subjected to such abuses to "self-enforc[e]" the legislation by bringing suit. 15 U.S.C. §1692; S. Rep. No. 95-382, 95th Cong., 1st Sess. 1–5 (1977). The provision allowing courts to award defendants with attorney's fees was written "[i]n order to protect debt collectors from nuisance lawsuits." S. Rep. No. 95-382, at 5. Allowing the counterclaim would not achieve this purpose any more effectively than allowing defendants to raise their attorney's fees claims by motion after they prevail in the primary dispute.

For the foregoing reasons, the Court holds that §1692k attorney's fees claims should be raised on a motion, not as a separate counterclaim.[3] Plaintiff's Motion to dismiss the counterclaim is granted. The Defendant may make a motion for attorney's fees at the proper time.

---

[2] The Advisory Committee Notes to Rule 54 state: "Paragraph (1) makes plain that the subdivision does not apply to attorneys' fees recoverable as an element of damages, as when sought under the terms of a contract." Defendant clearly does not have this type of claim.

[3] Although the Counterclaim is dismissed for procedural reasons, it would also constitute insufficient pleadings under *Iqbal* and *Twombly*. Dkt. #9, p. 4. The allegations—for example, that the Plaintiff "was disingenuous about his true identity, used two different names, and obstructed" PRA's attempts to conduct its business—does not even directly relate to whether Plaintiff filed the suit in bad faith, because a good-faith plaintiff and a bad-faith plaintiff might be equally unsympathetic or unhelpful to the phone calls of a collection agency. Dkt. #13, ¶¶ 25–26.

## III. CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion to Dismiss the Counterclaim is hereby GRANTED.

Dated this 24 day of January 2012.

 

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE